**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **SHAWN GEIST,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-18-1112-STE** |
| | ) | |
| **NANCY A. BERRYHILL, Acting** | ) | |
| **Commissioner of the Social Security** | ) | |
| **Administration,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration denying Plaintiff's application for benefits under the Social Security Act. The Commissioner has answered and filed a transcript of the administrative record (hereinafter TR. _____). The parties have consented to jurisdiction over this matter by a United States magistrate judge pursuant to 28 U.S.C. § 636(c).

The parties have briefed their positions, and the matter is now at issue. Based on the Court's review of the record and the issues presented, the Court **REVERSES AND REMANDS** the Commissioner's decision.

## I. PROCEDURAL BACKGROUND

On September 24, 2015, Plaintiff filed an application for Title II disability insurance benefits. (TR. 31). The application was denied at the initial level on December 14, 2015 and was not thereafter appealed. (TR. 31). On May 18, 2017, Plaintiff filed a second application for Title II disability insurance benefits, alleging that he became disabled on

September 24, 2014. (TR. 31). Initially and on reconsideration, the Social Security Administration denied Plaintiff's second application for benefits. Following a hearing, an Administrative Law Judge (ALJ) issued an unfavorable decision. (TR. 31-45). In doing so, the ALJ stated that he would "only consider the period beginning December 15, 2015, the beginning of the un-adjudicated period" because of the preclusive and binding effect of the first application's denial which was not appealed. (TR. 31). Because Mr. Geist had acquired sufficient quarters of coverage to remain insured through December 31, 2015, he was required to establish disability on or before that date to be entitled to a period of disability. (TR. 31). Ultimately, the ALJ concluded that Plaintiff was not disabled from September 24, 2014 through December 31, 2015. (TR. 44).

The Appeals Council denied Plaintiff's request for review. (TR. 1-3). Thus, the decision of the ALJ became the final decision of the Commissioner.

## II.   THE ADMINISTRATIVE DECISION

The ALJ followed the five-step sequential evaluation process required by agency regulations. *See Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005); 20 C.F.R. § 404.1520. At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity during the period of disability—his alleged onset date of September 24, 2014 through his date last insured of December 31, 2015. (TR. 34). At step two, the ALJ determined that Mr. Geist had the following severe impairments: degenerative joint disease of the knees; fibromyalgia; back disorder; asthma; migraines; right shoulder disorder; obstructive sleep apnea; chronic maxillary sinusitis; obesity; major depressive disorder; and bipolar disorder. (TR. 34). At step three, the ALJ found that during the

period of disability, Plaintiff's impairments did not meet or medically equal any of the presumptively disabling impairments listed at 20 C.F.R. Part 404, Subpart P, Appendix 1 during the period of disability. (TR. 35).

At step four, the ALJ concluded that through the date last insured, Mr. Geist retained the residual functional capacity (RFC) to:

> [L]ift and carry twenty pounds occasionally and ten pounds frequently. The claimant can sit for about six hours during an eight-hour workday and can stand and walk for about six hours during an eight-hour workday. The claimant can occasionally climb, balance, stoop, kneel, crouch, and crawl. The claimant can occasionally reach overhead with his upper right extremity. The claimant is to avoid concentrated exposure to dusts, gases, fumes, odors, and poor ventilation. The claimant can understand, remember, carry out simple routine, and repetitive tasks. The claimant can relate to others on a superficial work basis. The claimant can adapt to a work setting.

(TR. 38). With this RFC, the ALJ concluded that Mr. Geist could not perform any past relevant work. (TR. 43).

At step five, the ALJ presented the RFC limitations to a vocational expert (VE) to determine whether there were other jobs in the national economy that Plaintiff could perform during the period of disability. (TR. 75-76). Given the limitations, the VE identified three jobs from the Dictionary of Occupational Titles. (TR. 76). The ALJ adopted the testimony of the VE and concluded that Mr. Geist was not disabled at step five based on his ability to perform the identified jobs. (TR. 44).

## III.  STANDARD OF REVIEW

This Court reviews the Commissioner's final "decision to determin[e] whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Wilson v. Astrue*, 602 F.3d 1136, 1140 (10th Cir.

2010). Under the "substantial evidence" standard, a court looks to an existing administrative record and asks whether it contains "sufficien[t] evidence" to support the agency's factual determinations. *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). "Substantial evidence … is more than a mere scintilla … and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. at 1154 (internal citations and quotation marks omitted).

While the court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, the court will "neither reweigh the evidence nor substitute [its] judgment for that of the agency." *Vigil v. Colvin*, 805 F.3d 1199, 1201 (10th Cir. 2015) (internal quotation marks omitted).

## IV. ISSUE PRESENTED

On appeal, Mr. Geist alleges that the ALJ's evaluation of Plaintiff's subjective allegations was not supported by substantial evidence.

## V. THE ALJ'S CONSIDERATION OF PLAINTIFF'S SUBJECTIVE ALLEGATIONS WAS NOT SUPPORTED BY SUBSTANTIAL EVIDENCE

On appeal, Mr. Geist alleges that the ALJ's evaluation of Plaintiff's subjective allegations was not supported by substantial evidence. (ECF No. 12:3-9). The Court agrees.

### A. ALJ's Duty to Evaluate Plaintiff's Subjective Allegations

Social Security Ruling 16-3p provides a two-step framework for the ALJ to evaluate a claimant's subjective allegations. SSR 16-3p, 2016 WL 1119029, at *2 (Mar. 16, 2016). First, the ALJ must make a threshold determination regarding "whether there is an underlying medically determinable physical or mental impairment(s) that could

4

reasonably be expected to produce an individual's symptoms, such as pain." *Id.*, at *2. Second, the ALJ will evaluate the intensity and persistence of the claimant's symptoms to determine the extent to which they limit an individual's ability to perform work-related activities. *Id.* At step two, the ALJ will examine the objective medical evidence, the claimant's statements regarding her symptoms, information from medical sources, and "any other relevant evidence" in the record. *Id.*, at *4. SSR 16-3p also directs the ALJ to consider the following seven factors in evaluating the intensity, persistence, and limiting effects of the claimant's symptoms:

- Daily activities;

- The location, duration, frequency, and intensity of pain or other symptoms;

- Factors that precipitate and aggravate the symptoms;

- The type, dosage, effectiveness, and side effects of any medication;

- Treatment, other than medication, an individual receives or has received for relief of pain or other symptoms;

- Any measures other than treatment a claimant has used to relieve pain or other symptoms; and

- Any other factors concerning an individual's functional limitations and restrictions due to pain or other symptoms.

*Id.*, at *7. Finally, in evaluating a claimant's subjective statements, the ALJ must "provide specific reasons for the weight given to the [claimant's] symptoms, [which are] consistent with and supported by the evidence, and [ ] clearly articulated" for purposes of any subsequent review. *Id.*, at *9.

**B.    The ALJ's Evaluation of Plaintiff's Subjective Allegations Lacked Substantial Evidence**

In formulating the RFC, the ALJ stated that he had considered Mr. Geist's subjective allegations. (TR. 38). The ALJ then: (1) set forth the two-step framework under SSR 16-3p, (2) summarized the Plaintiff's hearing testimony and medical evidence, and stated:

> [T]he claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision.

(TR. 41). By means of explanation, the ALJ then stated:

> As for the claimant's statements about the intensity, persistence, and limiting effects of his symptoms, they are inconsistent because although the claimant reported knee swelling and the need to elevate his legs, he generally did not have swelling in the evidence of record. In July 2015, the claimant reported he had been trying to exercise. In September 18, 2015, the claimant reported that he walked frequently. He reported playing Xbox and darts, although he reported that he could not stand for long amounts of time during dart tournaments. In September 2015, the claimant was independent in showering, oral care, and grooming. At the hearing, he testified that he could go to the grocery store and shop. The claimant testified he only needed assistance getting items from the bottom shelf and loading the car. He stated that he could lift up to twenty pounds. In the evidence of record prior to the date last insured, the claimant generally had fair to good memory, concentration and intact insight and judgment.

(TR. 41).

Mr. Geist alleges that in evaluating his subjective allegations, the ALJ improperly evaluated Plaintiff's activities of daily living, which rendered his decision lacking in substantial evidence. (ECF No. 12:3-10). In doing so, Plaintiff presents three arguments. (ECF No. 12:3-10). The Court finds merit in Plaintiff's third argument.

First, Plaintiff states that the ALJ improperly relied on Plaintiff's reports of:

- being able to walk frequently;

- playing Xbox and darts; and

- being independent in showering, oral care, and grooming.

(ECF No. 12:5-6). Plaintiff reported these abilities on July 1, 2015, and September 18, 2015. (TR. 385, 400, 461, 462) Mr. Geist argues that the ALJ improperly relied on these records because they dated from "before the adjudicated period" which Plaintiff argues is December 15, 2015 through the present. (ECF No. 12:5-6). The Court understands that Plaintiff's argument is grounded in the fact that the ALJ had stated that the "beginning of the un-adjudicated period" was December 15, 2015 and that "[a]ny references made to records prior to December 15, 2015 are made for historical purposes only." (ECF No. 12:5-6); (TR. 31). However, two points are clear from the decision:

1. the ALJ had made these statements to underscore the fact that Plaintiff's first application (which spanned from September 24, 2015 through December 14, 2015) was subject to *res judicata* and could not thereafter be adjudicated; and

2. the ALJ considered the relevant period of disability to span from September 24, 2014 (the alleged onset date) through December 31, 2015 (the date that Mr. Geist was last insured).

As a result, the Court concludes that the ALJ properly relied on Mr. Geist's reports of being able to walk frequently; play Xbox and darts; and exercise independence in showering, oral care, and grooming when evaluating Plaintiff's subjective complaints and that this evidence was not outside the relevant period of disability.

Second, Mr. Geist argues that the ALJ mischaracterized a portion of Plaintiff's testimony. At the hearing, the ALJ questioned Plaintiff about his ability to go grocery

shopping and Plaintiff testified that he always went with his wife or son who would help him: (1) get items that were on the bottom shelf and (2) load and unload the vehicle. (TR. 71). Plaintiff argues that the ALJ mischaracterized this testimony, but Mr. Geist does not explain how and the error is not apparent. In the decision, the ALJ stated: "At the hearing, [Plaintiff] testified that he could go to the grocery store and shop. The claimant testified he only needed assistance getting items from the bottom shelf and loading the car." (TR. 41). The Court finds that the ALJ's explanation properly reflected Plaintiff's testimony.

Third, Plaintiff states that the ALJ omitted portions of Plaintiff's testimony which reflected:

- Plaintiff had suffered from 3 or 4 "bad days" per week;

- Plaintiff was able to do some chores, but not all at once; and

- On Plaintiff's "bad days," he required help in dressing.

(ECF No. 12:7). The Court agrees that the ALJ's evaluation of Plaintiff's subjective allegations was not supported by substantial evidence because the ALJ failed to discuss the impact of Plaintiff's "bad days" which were caused by pain.

At the hearing, Mr. Geist stated that he was fired from his job at the end of 2014 because he had missed a lot of work due to pain in his knees and back. (TR. 60). Mr. Geist testified that during an eight-hour day, he could stand for approximately one hour and sit for approximately 30 minutes before he was bothered by pain. (TR. 62-63). To relieve the pain, Plaintiff stated he needed to elevate his feet for approximately 10-12 hours per day. (TR. 63). Mr. Geist stated that he found no relief from pain medication,

and used heating pads, ice packs, and a TENS unit in attempt to relieve the pain. (TR. 63-64). During this time, Plaintiff stated that he would have "good days and bad days with [his] pain" and that a "bad day" resulted in him "hardly being able to get out of bed." (TR. 64-65). Towards the end of 2014, Plaintiff testified that he was suffering 3-4 bad days per week, which resulted in him eventually being fired. (TR. 65).

In his recitation of Plaintiff's hearing testimony, the ALJ stated that Mr. Geist had testified that "he missed too many days when working." (TR. 38). But the ALJ did not discuss the fact that Plaintiff suffered flare-ups of pain 3-4 times per week that had caused him to miss work. (TR. 38, 41). Under similar circumstances, the Tenth Circuit Court of Appeals found that the omission of such evidence rendered the ALJ's decision lacking in substantial evidence.

In *Borgsmiller v. Astrue*, 499 F. App'x 812 (10th Cir. 2012), the plaintiff suffered from flare-ups of pain which resulted in her being bedbound and interfered with her ability to work. *Borgsmiller v. Astrue*, 499 F. App'x 812-814. In discounting the plaintiff's subjective allegations, the ALJ relied on a decreasing frequency of the pain flare-ups, coupled with the plaintiff's ability to do chores on her "good days." *Id.* at 817-818. The Tenth Circuit found these rationales inadequate because the plaintiff had specifically testified: "[t]here are days that I can get up and I can ... feel better and I can do some things. There are other times where I'm either sitting in my recliner or I'm in bed and there are other times I do not get out of bed for weeks at a time." *Id.* at 818. In light of this testimony, the Court found that "although the ALJ tied her credibility finding to some specific evidence in the record, we conclude none of the evidence relied upon, neither

the decreasing frequency of flares nor [the plaintiff's] alleged ability to do some daily activities, provide[d] substantial evidence that Ms. Borgsmiller's complaints of pain were incredible." *Id.* at 819 (internal citation omitted).

*Borgsmiller v. Astrue* is persuasive. Like in *Borgsmiller*, Mr. Geist specifically testified that he suffered from pain flare-ups 3-4 times per week which essentially keep him bed-bound and resulted in him being fired. The ALJ omitted this portion of Plaintiff's testimony and instead focused on Plaintiff's ability to perform certain daily activities, such as playing Xbox and going grocery shopping. But as noted in *Borgsmiller*, the "sporadic performance [of household tasks or work] does not establish that a person is capable of engaging in substantial gainful activity." *Id.* (citing *Thompson v. Sullivan,* 987 F.2d 1482, 1490 (10th Cir. 1993) (alteration in original). As in *Borgsmiller*, remand is appropriate for proper evaluation of Plaintiff's pain.

## ORDER

The Court has reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ, and the pleadings and briefs of the parties. Based on the forgoing analysis, the Court **REVERSES AND REMANDS** the Commissioner's decision.

ENTERED on June 7, 2019.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE